**The UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Dale PRIDGEN,
Defendant–Appellant.**

No. 89–6086
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 6, 1990.

Richard W. Rogers, III, Corpus Christi, Tex., court appointed, for defendant-appellant.

Jeffery A. Babcock, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Paula C. Offenhauser, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, DAVIS and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant, a former law enforcement officer, robbed a bank in Rockport, Texas, took its president hostage, and forced the president to accompany him on a drive to Laredo, Texas. Appellant was arrested as he attempted to board a train heading for the interior of Mexico. He was charged with bank robbery, violating 18 U.S.C. § 2113(a), a crime carrying a maximum twenty-year sentence; he was also charged with kidnapping occurring during the course of bank robbery, 18 U.S.C. § 2113(e), carrying a mandatory minimum sentence of ten years imprisonment. Ap-

pellant pled guilty to the first charge pursuant to a plea agreement with the government. There is no dispute that the Sentencing Guidelines resulted in a total offense level of 22 for this appellant, for the § 2113(a) offense, which, taken with his criminal history, yield a guideline sentencing range of 41 to 51 months imprisonment. The district court felt this term was inadequate to reflect the seriousness of defendant's crime, and he departed upward to reach a sentence of 97 months. Pridgen appeals the upward departure. We affirm.

The sentencing court may depart from the guidelines and impose a harsher sentence if the crime presents aggravating circumstances that were not adequately taken into consideration by the guidelines. *United States v. Roberson,* 872 F.2d 597, 601 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989). As the statute puts it, a district court "may depart from the guidelines, even though the reason for departure is listed elsewhere in the guidelines (e.g., as an adjustment or specific offense characteristic), if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." *See* 18 U.S.C. § 3553(b). *See also* Sentencing Guidelines, § 5K2.0. The court granted its upward departure based on a perceived "conflict" between the guidelines and applicable criminal statutes and upon the policy expressed by Congress in condemning kidnapping related to the crime of bank robbery. The court understood, and the parties agree, that its sentence should take into account the bank president's kidnapping as having been stipulated by appellant in connection with his guilty plea. *See* Guidelines § 1B1.2; *United States v. Martin,* 893 F.2d 73 (5th Cir.1990).

Count Two, which the government dismissed in connection with the plea bargain, charged kidnapping in connection with the bank robbery. 18 U.S.C. § 2113(e). This crime carries a minimum mandatory ten-year incarceration. The trial court characterized this minimum sentence provision as "conflicting" with § 2B3.1 of the Guidelines, governing robbery, because the latter provision, even with a four-level enhance-

ment for abduction of a victim, does not rise to the ten-year minimum sentence in § 2113(e). We do not precisely agree with this analysis, but the court's conclusion is undoubtedly correct.

The offense of conviction in this case was bank robbery, for which Congress prescribed a sentence of any term up to 20 years. The same Sentencing Guideline, § 2B3.1, addresses robbery as defined by several statutes in addition to this one. *See, e.g.,* 18 U.S.C. §§ 1951, 2114, 2118(a). The Sentencing Commission reasonably enhanced the general robbery guideline to account for the possibility of a victim's abduction or kidnapping. § 2B3.1(b)(4). This guideline does not, however, take into account the uniquely severe punishment prescribed by Congress for abduction or kidnapping in connection with a bank robbery. As the district court aptly noted, Congress recognized the importance of enabling people in the banking industry, who would otherwise be especially vulnerable to the threat of robbery, to go about their business securely. We do not view the Sentencing Guidelines as being in conflict with Congress's particular condemnation of a bank robbery accompanied by kidnapping, rather, we view the four-level enhancement already available in this guideline as inadequate to reflect the seriousness of the conduct in issue.

Other factors present in the case and mentioned by the district court also support the sentencing departure it ordered. First, the appellant was a former law enforcement officer evidently conscious of the magnitude of his crime. Second, appellant did not simply abduct the bank president for the brief period necessary to escape from the scene: rather, the president was forced to drive Pridgen over 100 miles to Laredo, Texas and to telephone back to his bank, attempting to throw the authorities off the trail by asserting that they were headed for Houston. The bank president feared for the safety of himself and others if he tried to escape. Thus, the perpetrator's character, the length of time and distance travelled in the abduction furnished

additional support for an upward departure.

This crime may have been committed by a person himself the victim of extreme desperation and personal difficulties. It is none the less an egregious crime, and even after imposing a departure, the court's sentence remains well below the 20–year maximum for the charged crime and the ten-year minimum for the kidnapping charge which was dismissed. The departure, under all the circumstances, was reasonable. The judgment of the trial court is AFFIRMED.