United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2006

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

_____

m 05-10761

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RICHARD JAMES ROACH,

Defendant-Appellant

_____

Appeal from the United States District Court
for the Northern District of Texas
m 2:05-CR-2-ALL

_____

Before JONES, Chief Judge, and
SMITH and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Richard Roach appeals the sentence he re-

ceived after pleading guilty of being an addict or unlawful user of a controlled substance in possession of a firearm. The district court calculated the appropriate offense level under the sentencing guidelines, upwardly departed from that level, then and ultimately deviated from the guidelines, sentencing Roach to sixty months of imprisonment and three years of supervised release. Roach argues that his sentence violates the Constitution and is unreasonable. We affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Roach was a district attorney when he pleaded guilty to one count of possession of a firearm by a drug user or addict. He became addicted to and used methamphetamine in the final months of 2004. He was arrested in January 2005 carrying a briefcase containing two firearms, in addition to which he also possessed thirty-three other guns.

The district court calculated Roach's sentence by starting with the base offense level of 14 pursuant to U.S.S.G. § 2K2.1(a)(6). The court enhanced the base level six points for possessing thirty-five firearms pursuant to § 2K2.1(b)(1)(C), and two points for abusing a position of trust pursuant to § 2K2.1(b)(5). The level was decreased three points because Roach had accepted responsibility.

After calculating the correct offense level, the court departed two points upward for abuse of a position of trust pursuant to § 5K2.0(a)(3), resulting in a final offense level of 21 and a guideline range of 37-46 months. Finding that the nonmandatory guidelines range did not adequately address the seriousness of the offense, the court imposed a non-guideline sentence of 60 months of imprisonment, 14 months above the final offense level.

Roach initially appealed his sentence on seven grounds, then abandoned his third and fourth grounds. We address each of the remaining grounds individually.

## II.

Roach challenges his sentence on two constitutional grounds. First, he argues that the district court violated the *ex post facto* and due process provisions by treating the sentencing guidelines as merely advisory and not mandatory. Second, he argues that the law to which he pleaded guilty is unconstitutional because it violates equal protection and due process principles.

## A.

Roach contends that the decision to deviate from the sentencing guidelines violates the Constitution's *ex post facto* and due process provisions. He notes that on the date that he committed this offense, the then-mandatory guidelines set the maximum statutory sentence. Though in *United States v. Booker*, 543 U.S. 220 (2005), the Court held that the guidelines are only advisory, Roach avers that the remedial portion of *Booker*'s holdingSSi.e., the portion rendering the guidelines nonmandatorySSmay not be applied to his case without violating the *ex post facto* and due process provisions of the Constitution. Also, he argues that facts increasing his sentence must be proven to a jury or admitted, despite the fact that after *Booker*, judges are entitled to find sentencing facts by a preponderance of the evidence. *See United States v. Mares*, 402 F.3d 511, 517 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005).

Fifth Circuit precedent rules out Roach's position, because we have consistently followed Justice Breyer's instruction in *Booker* that "we must apply today's holdingsSSboth the Sixth Amendment holding and our remedial interpretation of the Sentencing ActSSto all cases on direct review." *Booker*, 543 U.S. at 224. *Accord United States v. Austin*, 432 F.3d 598, 599 (5th Cir. 2005); *United States v. Scroggins*, 411 F.3d 572, 576 (5th Cir. 2005).

Our decision in *Austin* deals with the same situation we encounter here: Sentences based on advisory guidelines do not implicate the due process or *ex post facto* protections. *Id.* at 599. *Austin* also made plain that "the specific

division of labor between judge and jury" does not affect whether a sentence imposed after *Booker* is unconstitutional. *Id.* at 600.

## B.

Roach argues that 18 U.S.C. § 922-(g)(3)SSthe law under which he was convictedSSis unconstitutional because it violates the Constitution's Equal Protection Clause and substantive due process. That provision states the following:

> It shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Roach argues that the right to keep and bear arms is fundamental, requiring that we apply strict scrutiny in determining whether a law infringing on the right violates equal protection or due process.

We review Roach's challenge to the constitutionality of § 922(g)(3) for plain error, because Roach did not challenge § 922(g)(3)'s constitutionality in the district court. *United States v. Coil*, 442 F.3d 912, 915-16 (5th Cir. 2006) (citing *United States v. Knowles*, 29 F.3d 947, 950 51 (5th Cir. 1994)). "A conviction based upon an unconstitutional statute is both 'plain' and 'error.'" *Id.* at 916 (citing *Knowles*, 29 F.3d at 951).

Section 922(g)(3) does not violate the Constitution's equal protection or substantive due process provisions, so the district court did not commit plain error by enforcing the statute. A drug user does not have a fundamental right to keep and bear arms, so § 922(g)(3) must only survive rational basis review, and it does.

"[T]he Second Amendment's right to bear arms is subject to 'limited, narrowly tailored specific exceptions or restrictions for particular cases that are reasonable and not inconsistent with the right of Americans generally to individually keep and bear their private arms as historically understood in this country.'" *United States v. Patterson*, 431 F.3d 832, 835 (5th Cir. 2005) (quoting *United States v. Emerson*, 270 F.3d 203, 261 (5th Cir. 2001)). Though we have not specifically reached the question whether § 922(g)(3) violates equal protection or substantive due process, we have held that several of § 922(g)'s other specific exceptions to the Second Amendment are constitutional.[1]

We have specifically discussed the constitutionality of § 922(g)(3) in *Patterson*, in which defendant challenged § 922(g)(3) as unconstitutionally vague and overbroad. We rejected that position, explicitly affirming § 922(g)(3) as a constitutional exception to the Second Amendment:

> Prohibiting unlawful drug users from possessing firearms is not inconsistent with the

---

[1] *E.g.*, *Emerson*, 279 F.3d at 261 (felons); *United States v. Everist*, 368 F.3d 517, 519 (5th Cir. 2004) (individuals subject to domestic restraining orders). For similar authority from other circuits, *see United States v. Baker*, 197 F.3d 211, 216 (6th Cir. 1999) (holding that persons subject to domestic violence protective orders are not a suspect class and that the statute does not implicate a fundamental right); *United States v. McKenzie*, 99 F.3d 813, 817-18 (7th Cir. 1996) (same, for felons in possession).

right to bear arms guaranteed by the Second Amendment as construed in *Emerson* and *Everist*. Like the classes of criminals in *Emerson* and *Everist*, unlawful users of controlled substances pose a risk to society if permitted to bear arms.

*Patterson*, 431 F.3d at 836.

*Patterson*'s conclusion is sufficient to defeat Roach's equal protection and due process claims. Because drug users and addicts have no fundamental right to bear arms, § 922(g)(3) does not interfere with a fundamental right, so we do not apply strict scrutiny.[2]

Though he tries, Roach cannot rely on *Emerson* to establish that Second Amendment rights are fundamental, because we foreclosed that notion in *Darrington*, 351 F.3d at 635:

> Again, *Emerson* is a carefully and laboriously crafted opinion, and if it intended to recognize that the individual right to keep and bear arms is a 'fundamental right,' in the sense that restrictions on this right are subject to 'strict scrutiny' by the courts and require a 'compelling state interest,' it would have used these constitutional terms of art.

Under a rational basis review, § 922(g)(3) is constitutional, because Congress has an interest in keeping guns out of the hands of drug users, and § 922(g)(3) is rationally related to this interest.[3] Thus, Roach was convicted under a constitutional statute, so his second ground for appeal fails.

III.

Roach presents three questions regarding the sentence itself. He challenges the upward departure, the reasons for imposing a non-guideline sentence, and the extent of the deviation from the sentence calculated under the guidelines.

Even after *Booker*, we review the district court's application of the guidelines *de novo*. *See United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). We accept the district court's findings of fact related to sentencing unless they are clearly erroneous. *United States v. Creech*, 408 F.3d 264, 270 n. 2 (5th Cir.), *cert. denied*, 126 S. Ct. 777 (2005).

The district court ultimately deviated from the guidelines, so Roach's sentence is a non-guideline sentence.[4] We review non-guideline sentences for reasonableness. *Smith*, 440 F.3d at 706. "Though flexible, the reasonableness standard is not unbounded. Both a district

---

[3] *See Huddleston v. United States*, 415 U.S. 814, 824 (1974) (stating that Congress's purpose in enacting federal gun control legislation was to keep "lethal weapons our of the hands of criminals, drug addicts, mentally disordered persons, juveniles, and other persons whose possession of them is too high a price in danger for us to allow").

[4] *United States v. Smith*, 440 F.3d 704, 706 n.1 (5th Cir. 2006) ("We use the terms 'deviate' and 'deviation' to describe a non-Guideline sentence, which is not the result of a Guidelines-authorized upward or downward departure. In *United States v. Mares*, we adopted the phrase 'non-Guideline sentence' to express this distinction. 402 F.3d 511, 519 n.7 (5th Cir. 2005).").

---

[2] *See United States v. Darrington*, 351 F.3d 632, 634 35 (5th Cir. 2003) (holding that the felon-in-possession statute, § 922(g)(1), does not violate equal protection, because a felon does not have a fundamental right to keep and bear arms).

court's post-*Booker* sentencing discretion and the reasonableness inquiry on appeal must be guided by the sentencing considerations set forth in 18 U.S.C. § 3553(a)." *Id.* (citing *Booker*, 125 S. Ct. at 766.). Though we ultimately review the sentence for reasonableness, we still must review the District Court's upward departure, because "[w]ithout a properly-calculated Guideline range, we cannot ensure that the disparity between [the] sentence and the Guideline range is warranted." *Id.* at 706 n.2. Thus, we begin by reviewing the two-point upward departure.

### A.

"In evaluating both a decision to depart and the extent of the departure, we review for 'abuse of discretion.'" *Id.* at 707 (citing *United States v. Saldana*, 427 F.3d 298, 308 (5th Cir.), *cert. denied*, 126 S. Ct. 810 (2005), *and cert. denied*, 126 S. Ct. 1097 (2006)). The district court provided reasons for the departure, stating that

> the guidelines do not adequately address a public official betraying the public trust and the seriousness of the offense. The Court finds the defendant had 2 loaded guns and a stun gun in his briefcase in the Courtroom, 2 loaded guns and a stun gun in his office and possessed a total of 35 guns. Drug use is a course of conduct that is out of bounds and unscrupulous. A 2-level increase is added for abuse of trust.

Roach claims that the court based its upward departure on impermissible factors. We disagree.

Roach's first complaint is that considering his position as a public official and his betrayal of the public trust is an impermissible reason for departing from the guidelines. He cites two cases in which this court noted that a sentencing court cannot consider a defendant's socio-economic status. *See United States v. Hatchett*, 923 F.2d 369, 374 (5th Cir. 1991); *United States v. Stout*, 32 F.3d 901, 903 04 (5th Cir. 1994). Other decisions of this court lend some support to Roach's position. *See United States v. Brunson*, 915 F.2d 942, 943 (5th Cir. 1990); *United States v. Harrington*, 82 F.3d 83, 87 (5th Cir. 1996). In *Brunson*, we recognized, though ultimately ignored under a plain error review, the merit of an assistant district attorney's argument that the district court should have used U.S.S.G. § 3B1.3, and not an upward departure, where the assistant district attorney had abused his public position. *See Brunson*, 915 F.2d at 943-44. In *Harrington*, we stated that an attorney's position as an officer of the court was not grounds for an upward departure. *See Harrington*, 82 F.3d at 87.

The district court's decision in Roach's case, however, is different from those in *Hatchett*, *Stout*, *Brunson*, and *Harrington*. Here the court did not upwardly depart merely because of Roach's socio-economic status or position in public office, but because he betrayed the public trust. In *United States v. Wade*, 931 F.2d 300, 307 (5th Cir. 1991), we affirmed an upward departure despite the fact the district court considered the defendant's position and his abuse of that position. There, we explained that

> in certain cases, law enforcement experience is an acceptable reason to depart upwards. In the instant case, Wade abused his position as sheriff to further his drug manufacturing conspiracy. For example, Wade passed along information regarding future investigations to coconspirators; seized drug manufacturing equipment that

was to be used as evidence in another drug case; convinced the Hardin County Sheriff to release Guillory, a coconspirator, from jail; had Guillory released by the Houston Police Department following an arrest; recruited Duhon, another coconspirator, to be a deputy sheriff; removed meth oil from the Sheriff's office; and had Baker's parole supervision transferred to Orange County. Given Wade's egregious behavior in abusing his position as sheriff, the district judge reasonably relied upon his position as sheriff as a factor in departing upwards.

*Id.*

Roach's abuse of his position as district attorney mirrors Wade's abuse of his position as sheriff. Roach used illegal drugs while prosecuting others for the same behavior, and he consistently abused his office. For instance, a Texas state trooper, Jason Henderson, testified at the sentencing hearing that Roach had tried to bribe him and another trooper to work for Roach by offering them a share of seized funds. Thus, just as this court permitted an upward departure in *Wade* based on egregious abuse of a public office, the district court did not err by considering Roach's betrayal of public trust.

As a second argument, Roach claims that the district court impermissibly factored in "the seriousness of the offense." He objects to this factor, because the "seriousness" of his crime is already accounted for in the base level of the offense and because "seriousness" is not a sufficiently specific reason.

The district court, however, provided a specific finding that makes Roach's offense more serious than the offense specified in the guidelines, and the finding is not clearly erroneous.

The court found that Roach's abuse of the public trust made his offense more serious than the guidelines, without an upward departure, permit.

Roach advances various theories to try to exclude the findings of fact underlying the district court's decision. His argument that he was authorized to possess guns as a law enforcement officer is of no consequence, because the grounds for an upward departure do not have to be illegal or criminal conduct. *United States v. Arce*, 118 F.3d 335, 340-41 (5th Cir. 1997). Also, although Roach correctly notes that drug use is not usually a reason for upward departure, *United States v. Williams*, 937 F.2d 979, 983 (5th Cir. 1991), here the drug use was extraordinary: The district court explained that Roach prosecuted people for drug use while using drugs. In sum, the district court did not abuse its discretion in calculating the guidelines sentence using an upward departure.

B.

Roach argues that the fourteen-month deviation from the calculated guideline range is unreasonable because (1) the reasons cited by the district court for deviation are not permissible, and (2) the evidence fails to establish any legal basis for the deviation. Also, Roach urges that the extent of the deviation is unreasonable.

The court, after calculating the guideline sentence, deviated from the guidelines and imposed a discretionary sentence because "the guidelines do not adequately address the conduct in this case" in light of the fact that Roach engaged in "a course of out of bounds and unscrupulous behavior" that included (1) carrying and possessing loaded guns as a district attorney and drug addict and (2) be-

6

havior involving office staff and Department of Public Safety officers. We review the district court's statement of reasons for deviating

> to determine whether, as a matter of substance, the sentencing factors in section 3553(a) support the sentence . . . . A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.

*Smith*, 440 F.3d at 707-08.

Roach claims that his position as district attorney and his use of drugs are impermissible factors, but, as we have explained, the district court did not err in considering them. Roach further maintains that his behavior involving the office staff and Department of Public Safety officers was not illegal, and the evidence offered as proof of that behavior was not verifiable or reliable.

We have already noted that conduct does not need to be illegal to be considered in deviations, so Roach's objection on that ground fails. *See United States v. Arce*, 118 F.3d 335, 340-41 (5th Cir. 1997). His claim that allegations about his behavior were not verifiable or reliable also is without merit, because the allegations are contained in the presentence report ("PSR"), and PSR's generally bear sufficient indicia of reliability to be considered by a district court; the defendant bears the burden of showing the information is untrue or unreliable if the court relies on it. *United States v. Rome*, 207 F.3d 251, 254 (5th Cir. 2000). Roach did not present rebuttal evidence, and the district

court reasonably relied on the PSR and did not consider impermissible factors or facts when deviating from the guidelines.

The stated reasons for deviating demonstrate that the court considered § 3553(a)'s factors. Section 3553(a)(1) instructs the court to consider the nature and extent of the offense and the position of the defendant, and the district court's reason for departing does just that: It specifically notes why the nature of the offense is egregious. Also, § 3553(a)-(2)(A) instructs the court to consider whether the sentence reflects the seriousness of the crime. Here, the court deviated specifically because the guideline sentence did not reflect the seriousness of the crime; the court correctly considered § 3553(a)'s factors.

Roach argues that the court did not specifically indicate what factors in § 3553(a) it considered in assessing the deviation. Yet, a court need not recite all the factors by going down a checklist. Here the statement of reasons is sufficient, because it enables review of the sentence. *Smith*, 440 F.3d at 707.

The extent of the deviation is Roach's final ground for appeal. The deviation is reasonable, so Roach cannot prevail on that claim. The sentence is only fourteen months more than is allowed under the guidelines; we have consistently upheld sentences of greater lengths in analogous cases. *See, e.g.*, *Smith*, 417 F.3d at 491-93. "When the district court imposes a non-Guideline sentence, it 'must more thoroughly articulate its reasons' for doing so, and the greater the difference between the sentence and the Guideline range, 'the more compelling the justification based on factors in section 3553(a) must be.'" *United States v. Guidry*, 2006 U.S. App. LEXIS 22038, at *5 (5th Cir. Aug. 23, 2006) (quoting

7

*Smith*, 440 F.3d at 707). Roach engaged in particularly egregious abuses of his office, so sixty months is not unreasonable based on the facts, and the district court's statement of reasons is adequate under our prevailing standards.

The judgment of sentence is AFFIRMED.