# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2011

Lyle W. Cayce
Clerk

No. 09-51101
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAQUEL ESQUIVEL,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-1065-7

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Raquel Esquivel contests her jury-trial conviction and 180-month sentence for participating in a conspiracy to possess, with intent to distribute, more than 1000 kilograms of marijuana. Esquivel contends: the district court abused its discretion by admitting extrinsic evidence showing she had previously been in possession of a large amount of marijuana; it plainly erred at sentencing in finding the drug quantity attributable to her; and, on two bases, her sentence is unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Esquivel, as a United States Border Patrol Agent, conspired with Diego Esquivel (no relation to appellant) and Ramon Patuel, in their illegal transportation of marijuana into the United States.  Esquivel's involvement initially stemmed from her intimate relationship with Diego Esquivel.  Diego Esquivel testified at trial:  Esquivel provided him with information (*e.g.*, highways and roads to use or avoid, locations of sensors, and areas and times patrols and local authorities would be working) he used to smuggle marijuana across the border; and he shared this information with his bosses in Mexico.  Patuel testified similarly.  Diego Esquivel and Patuel were arrested by the Border Patrol, their cell phones were seized, and their communications with Esquivel were discovered.

At trial, the Government moved to introduce testimony from Alonso Garcia, a convicted drug-trafficker and acquaintance of Esquivel, regarding her possession of a large amount of marijuana, prior to her joining the conspiracy, to rebut her assertion that she was pursued by the drug traffickers and naively provided them with information.  The district court conducted a Federal Rule of Evidence 404(b) analysis and ruled:  the evidence was probative of Esquivel's state of mind and knowledge concerning the drug conspiracy; and its probative value outweighed its prejudicial effect on the defense.  Esquivel objected to the evidence's admission and maintains the district court abused its discretion by admitting it. *See United States v. McCall*, 553 F.3d 821, 827 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 2018 (2009).  For the reasons that follow, there was no abuse of discretion.

"Evidence of other crimes, wrongs, or acts" may be admissible to prove intent or knowledge.  FED. R. EVID. 404(b).  When "other acts" evidence is extrinsic to the charged offense, we apply the two-tier test outlined in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  First, the evidence must be relevant to an issue other than defendant's character, such as

state of mind. *Id.* Second, it "must possess probative value that is not substantially outweighed by its undue prejudice . . . ." *Id.*

By pleading "not guilty", Esquivel placed at issue her knowledge of the drug conspiracy and her intent to aid its undertaking. *See United States v. Duffaut*, 314 F.3d 203, 209 (5th Cir. 2002). When defendant's knowledge is at issue, "[t]he extrinsic offense need merely be of such a nature that its commission involved the same knowledge required for the offense charged". *Beechum*, 582 F.2d at 912, n.15. The evidence at issue was relevant to Esquivel's state of mind because it reflected her voluntary and knowing participation in other drug-related activity. The evidence was also relevant in rebutting the inference raised by Esquivel that she unwittingly disclosed the law-enforcement information to her co-conspirators because of Diego Esquivel's persuasive ways. *See Duffaut*, 314 F.3d at 209.

The prejudicial impact of the evidence was mitigated by the district court's instructions to the jury that: the evidence was to be considered only for the limited purpose of determining Esquivel's state of mind; and it was to be cautious in weighing the testimony of the Government's witnesses who were testifying pursuant to plea agreements. *See United States v. Sanders*, 343 F.3d 511, 518 (5th Cir. 2003) (a court's mitigating instructions minimize the threat of undue prejudice); *see also Duffaut*, 314 F.3d at 209-10.

Esquivel next contends the district court plainly erred at sentencing by attributing to her over 1000 kilograms of marijuana. The district court found: Diego Esquivel and Patuel used information Esquivel provided them to transport approximately 816 kilograms (1800 pounds) of marijuana; co-conspirator Shannon Pierce used the same information to transport approximately 1089 kilograms (2400 pounds) of marijuana. In total, 1905 kilograms were transferred into the United States using information provided by Esquivel. She contends she should not have been held accountable for the 1089 kilograms of marijuana transferred by Pierce because she was not aware of his participation

3

in the conspiracy and it was not reasonably foreseeable to her that Patuel would pass on Esquivel's information to him. As Esquivel concedes, and because she did not object in district court to this finding, we review this issue only for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

The court-adopted presentence investigation report (PSR) and trial testimony reflect Esquivel's knowledge of the ongoing conspiracy and her awareness that the information she provided was a valuable tool in its continued success. Esquivel failed to object to the PSR findings that Pierce was also a member of the conspiracy. A participant in a drug conspiracy is responsible for the quantity of drugs attributed to the conspiracy that was "reasonably foreseeable" to the participant. *See United States v. Castillo*, 77 F.3d 1480, 1494 (5th Cir. 1996); *see also* U.S.S.G. § 1B1.3 cmt. n.2 (for jointly undertaken controlled substance offenses, defendant is accountable for all "reasonably foreseeable quantities of contraband that were within the scope of the criminal activity"). There was a sufficient evidentiary basis for the district court to find the amount at issue was reasonably foreseeable to Esquivel. (In this regard, Esquivel commented to Agents that she knew Diego Esquivel and Patuel were not the "big dogs" in the drug activity). *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009). Needless to say, there was no plain error.

Esquivel further maintains her sentence is unreasonable because: the applicable advisory Guidelines sentencing range was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a); and it was based on an advisory Guideline that lacks empirical support. Esquivel concedes she failed to object in district court to the unreasonableness of her sentence. Accordingly, our review is again only for plain error. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

The base-offense level for a drug-related conspirator is determined by the quantity of drugs involved as related to defendant's relevant conduct. *United States v. Carreon*, 11 F.3d 1225, 1230 (5th Cir. 1994); *see* U.S.S.G. § 2D1.1(a)(3).

No. 09-51101

Esquivel's base-offense level was 32 and she received a two-level upward adjustment for her abuse of a position of trust, resulting in a total offense level of 34. She was placed in criminal history category I, with her resulting advisory sentencing range being 151-188 months. She was sentenced to 180 months' imprisonment.

A presumption of reasonableness attaches to a within-Guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). In imposing Esquivel's sentence, the district court considered: counsel's arguments; the advisory Guidelines; and the sentencing factors provided in 18 U.S.C. § 3553(a). The court was not persuaded that Esquivel should receive the statutory minimum 10-year sentence because of her claimed limited role in the conspiracy. It pointed out that Esquivel abused her position of trust and endangered other law enforcement agents by providing information to her co-conspirators. Esquivel's challenge to the manner in which the court considered the evidence and sentencing factors does not rebut the presumption of reasonableness we apply to her within-Guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 564 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). In short, there was no plain error.

Regarding Esquivel's position that the applicable Guideline was not based on empirical data, the district court may consider the presence or absence of such data, but it does not affect the presumption of reasonableness attached to a within-Guidelines sentence. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Again, there was no plain error.

AFFIRMED.