**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Elvis C. STOUT, Defendant–Appellant.**

**No. 93–5041.**

United States Court of Appeals, Fifth Circuit.

Sept. 6, 1994.

---

**2.** GBA's certificate for confidentiality requesting that the Joint Appendix be sealed is denied.

Thomas Davenport, Jr., Davenport, Files, & Kelly, Monroe, LA, for appellant.

Josette L. Cassiere, Michael D. Skinner, U.S. Attys., Shreveport, LA, for appellee.

Before REYNALDO G. GARZA, DeMOSS and PARKER,* Circuit Judges.

DeMOSS, Circuit Judge:

Elvis C. Stout appeals various portions of his sentence. We affirm in part and vacate and remand in part.

## I.

Stout is a former judge for the city of Monroe, Louisiana. Between 1982 and 1989, though Stout filed for extensions on his tax returns with the Internal Revenue Service (IRS), he failed each year to file a timely return and, furthermore, never has paid his taxes for those years. Stout ultimately did file returns for 1984–89, which showed that he owed $112,393 in taxes. As for 1982–83, Stout still has not filed returns for those years. He estimates that his tax liability is $3,000 for each year. Therefore, by his own estimate, Stout's total tax liability for 1982–89 is $118,393. His total liability for IRS penalties and interest for the period is $119,-450.55.

In April 1993, Stout pleaded guilty to the charge of failing to file a timely tax return for 1988. 26 U.S.C. § 7203. The plea agreement stated, in part: "in addition to the penalties set forth in the preceding paragraphs, the Court may order him as a condition of probation or Supervised Release to resolve any civil tax liability with the Internal

---

* In June 1994, when oral arguments were heard in this appeal, Judge Robert M. Parker was chief judge of the Eastern District of Texas, sitting on the appellate panel by designation. As of the date of this opinion, Judge Parker has been confirmed as a judge on the United States Court of Appeals for the Fifth Circuit.

Revenue Service." At the sentencing hearing in June 1993, the district court concluded that Stout's total offense level was nine and his criminal history category was one, yielding a sentencing range of four to ten months. The court departed upward and sentenced Stout to the statutory maximum of twelve months, which according to the sentencing table amounts to a one level increase in Stout's criminal history category. The court justified the upward departure as follows:

> Because of the aggravating circumstances related to this offense I'm going to depart above the amended guideline range. The reasons for that departure are the following, which in my opinion are not considered by the guidelines. You have still not submitted your tax returns for '82 and '83. The main reason you were not charged with failure to file in '82 and '83 and '84 is those have prescribed. You still have not paid the income tax owed for all of those years. And during those years you continued to maintain a standard of living beyond that of the average taxpayer. You have ignored the tax laws of the State for many years, have failed to file and pay in full on your state income taxes. You sat in judgment of your fellow citizens for twenty years. And it seems to me, as such, you should be held to a higher standard of accountability, and you should have had the legal expertise as well as the moral sense as a recipient of the taxpayers' funds, respect, and trust, to know better. For those reasons you are committed to the custody of the Bureau of Prisons for twelve months.

The court also (1) sentenced Stout to one year of supervised release, (2) ordered Stout to pay $20,189 in restitution which was Stout's tax liability for 1988, and (3) ordered Stout to reach a repayment schedule with the IRS during his year of supervised release whereby Stout would pay the $98,204 in remaining back taxes due for the years 1982–87 and 1989. Stout now appeals his sentence.

## II.

Stout's appeal originally consisted of two issues: (1) the district court's upward departure, and (2) the district court's condition of supervised release. After oral argument, the government conceded a third issue. Stout now seeks the benefit of the government's concession. We will address each issue in turn.

### A.

■ Stout first appeals the district court's decision to depart upward in sentencing him.[1] We affirm an upward departure from the Sentencing Guidelines "if the district court offers 'acceptable reasons' for the departure and the departure is 'reasonable.'" *United States v. Lambert,* 984 F.2d 658, 663 (5th Cir.1993) (en banc) (quoting *United States v. Velasquez–Mercado,* 872 F.2d 632, 635 (5th Cir.1989)). The issue here is whether the district court proffered "acceptable reasons." The enabling legislation for the Guidelines states that "the Commission shall assure that the guidelines and policy statements are entirely neutral as to the ... socioeconomic status of offenders." 28 U.S.C. § 994(d); *see also* U.S.S.G. § 5H1.10 (p.s.) (socioeconomic status is "not relevant in the determination of a sentence").

■ The district court below provided six reasons for departing upward: (1) Stout never filed tax returns for 1982 and 1983; (2) Stout was not charged for failure to timely file in 1982, 1983, and 1984 because those charges had "prescribed;" (3) Stout still has not paid any taxes; (4) Stout, meanwhile, has maintained an excessive lifestyle; (5) Stout also violated Louisiana tax laws; and (6) Stout was a judge for 20 years and, as such, essentially should have known better than to refuse to pay taxes. Stout contends that two of the court's reasons proffered at sentencing, i.e., (4) and (6), are socioeconomic and hence unacceptable, thereby rendering the sentence an abuse of discretion. Stout's point is persuasive. Notwithstanding the

---

1. Stout also appeals various factual findings the sentencing court made in determining his offense level. Stout concedes that, if the panel affirms the court's upward departure, then his appeal of

the sentencing court's determination of his offense level is moot. Because we affirm his upward departure, we will not address his appeal of the court's factual findings.

government's contrary assertions,[2] the court justified its reasons, *in part,* on Stout's socioeconomic status. We have vacated criminal sentences on the ground that the sentencing court considered the defendant's socioeconomic status. *See United States v. Hatchett,* 923 F.2d 369 (5th Cir.1991); *United States v. Burch,* 873 F.2d 765 (5th Cir.1989).[3]

The question then becomes whether the upward departure is nonetheless supportable by the presence of other "acceptable reasons." We permit an otherwise improper upward departure to be upheld on appeal where "the reviewing court concludes, on the record as a whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed." *Lambert,* 984 F.2d at 663 n. 11 (quoting *Williams v. United States,* —— U.S. ——, —— – ——, 112 S.Ct. 1112, 1120–21, 117 L.Ed.2d 341 (1992)). The government argues here that four other acceptable reasons exist to affirm the sentencing court's upward departure.

We agree with the government. First, the upward departure here was only two months and resulted in only a one level jump in his criminal history category. Second, *Hatchett* and *Burch* are distinguishable on the grounds that the socioeconomic considerations raised by the sentencing courts in those cases represented a large portion of the courts' justification for departing upward. *See Hatchett,* 923 F.2d at 372–75 (the court's impermissible statements were "too interrelated" with permissible ones); *Burch,* 873 F.2d at 767–69 (court justifies upward departure only on defendant's social history and criminal past). Here, the court provided four other acceptable reasons to justify a two-month upward departure. While the sentencing court's socioeconomic statements were not valid grounds for an upward departure under the Guidelines, and such statements should be avoided at all times, they nonetheless constitute harmless error in this case. We therefore affirm the sentencing court's upward departure.[4]

## B.

■■ Stout next appeals the district court's order that Stout reach a repayment schedule with the IRS during his year of supervised release, whereby Stout would pay $98,204 in remaining back taxes (i.e., Stout's tax liability for 1982–87 and 1989) as a condition of such supervised release. Sentencing courts are permitted to impose restitution as a condition of supervised release to the extent agreed to by the government and the defendant in a plea agreement. *See* 18 U.S.C. § 3563(b)(3); 18 U.S.C. § 3583(d); 18 U.S.C. § 3663(a)(3). Stout argues that the clause in the plea agreement relating to resolving his outstanding tax liabilities cannot be construed as an obligation to *pay* those taxes or to make restitution. Stout maintains that he was obligated only to *negotiate* a settlement with the IRS.

We agree. Stout never expressly stated in the plea agreement—or anywhere else—that he would pay all or any specific portion of his remaining tax liability. Instead, Stout only agreed to "resolve" that liability. We therefore vacate this portion of Stout's sentence and remand the case to the district court for

**2.** The government attempts to characterize the court's statements as an assessment of "defendant's culpability based upon his knowledge of the law and his ability to pay the taxes due." The government's argument is meritless. The comments clearly relate to Stout's socioeconomic status.

**3.** The sentencing court in *Hatchett* was sentencing the defendants *within* the applicable guideline range, whereas the sentencing court in *Burch* was departing upward from the applicable guideline range. This distinction, however, is irrelevant because the Guidelines forbid sentencing courts to consider socioeconomic status, regardless of whether the court is sentencing within or outside the applicable range. U.S.S.G. Ch.

5, Pt.H, intro. comment.; *see also Hatchett,* 923 F.2d at 374–75 (court refuses to distinguish *Burch* on the ground that it involved an upward departure).

**4.** Stout also argues that the sentencing court abused its discretion in not granting a *downward* departure because his case was "atypical." Specifically, Stout contends that because he filed for an extension each year, the IRS was on notice as to who he was and where he could be found. We will not review a refusal to depart, unless the refusal was in violation of the law. *United States v. Lara–Velasquez,* 919 F.2d 946, 954 n. 9 (5th Cir.1990). Stout does not point to any evidence that the court's refusal violated the Guidelines.

the limited purpose of determining whether to impose another condition of supervised release that is consistent with the plea agreement and 18 U.S.C. § 3563. *See* 18 U.S.C. § 3742(f)(1) ("[i]f the court of appeals determines that the sentence was imposed in violation of the law ..., the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate"); *see also United States v. Mills,* 959 F.2d 516, 519–20 (5th Cir.1992).

### C.

■ Finally, we address an issue raised for the first time at oral argument by this court. As we noted at that time, the sentencing court's separate restitution order regarding Stout's 1988 tax liability was improper because the restitution statute permits such separate orders only when the defendant's offense is an offense under either Title 18 or Title 49. 18 U.S.C. § 3663(a)(1); *United States v. Reese,* 998 F.2d 1275, 1282 (5th Cir.1993).[5] Stout was convicted of an offense under Title 26. Following oral argument, the government conceded that this separate restitution order was error and moved to remand the case for re-sentencing. We therefore will grant the government's motion, but with certain instructions. We vacate the portion of Stout's sentence relating to the separate restitution order and remand the case for re-sentencing with instructions to the court that Stout's sentence not include any such restitution order. *See* 18 U.S.C. § 3742(f)(1).

### III.

For the reasons stated above, the government's motion to remand is GRANTED and Stout's sentence is AFFIRMED in part and VACATED AND REMANDED in part.

---

**5.** The restitution statute also permits a sentencing court to "order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3). But as we stated earlier, the plea agreement in this case is not so specific as to conclude that Stout agreed to pay any of his taxes.