REVISED - AUGUST 12, 1999

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-50927
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO PEREZ-VALDEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

July 22, 1999

Before DAVIS, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:

Appellant, Alfonso Perez-Valdez ("Perez"), appeals his conviction on two counts of bringing aliens into the United States for commercial advantage or personal financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). Perez contends that the district court erred in refusing to give proposed instructions that would have excluded from the statute's scope a defendant who brings aliens into the United States solely in return for his own entry or transportation. Perez's proposed instructions are based primarily on a comment to the 1996 Sentencing Guidelines, § 2L1.1 that provides, for sentence enhancement purposes, that an alien smuggler acting for commercial advantage or financial gain

does not include one who acts solely in return for entry or transportation into the country.

This Court reviews the refusal to provide a requested jury instruction for abuse of discretion. United States v. Asibor, 109 F.3d 1023, 1034 (5th Cir.), cert. denied, 118 S. Ct. 638 (1997). District courts enjoy substantial latitude in formulating jury instructions. Id. Accordingly, this Court will reverse only if the requested jury instruction: (1) was a substantially correct statement of the law; (2) was not substantially covered in the charge as a whole; and (3) concerned an important point in the trial, the omission of which seriously impaired the defendant's ability to present an effective defense. Id.

Perez's interpretation of "commercial advantage" and "personal financial gain" in Section 1324 has no foundation in the text of the statute and is contrary to its plain language. Perez's proposed instructions therefore are not substantially correct statements of the law. Although Perez admitted that he would have been required to pay $650 if he had not driven the aliens into the country, Perez was free to argue that his actions did not constitute a commercial advantage or private financial gain. Thus, the district court did not abuse its discretion in refusing to give the proposed instructions.

Accordingly, we AFFIRM the judgment of the district court.


AFFIRMED.