**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-50284
Summary Calender

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OSCAR MARTINEZ,

Defendant-Appellant.

On Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-CR-162-1

May 16, 2000

Before REYNALDO G. GARZA, EMILIO M. GARZA, and DEMOSS, Circuit Judges.

PER CURIAM[1]:

Oscar Martinez appeals his conviction for possession with intent to distribute cocaine found in the battery of his truck during a traffic stop. Oscar Martinez argues that the district court erred in failing to give his requested jury instruction that evidence of general nervousness was insufficient to prove his guilty knowledge of the presence of drugs in the battery of his truck. Finding no error, we AFFIRM.

The charge requested by Martinez was not balanced as it failed to note that the display of nervous behavior after being stopped by a law enforcement agent may, in some contexts, constitute part of persuasive evidence of guilty knowledge. *See United States v. Diaz-Carreon,* 915 F.2d 951, 954. As such, it had the potential of confusing the jury. The charge given by the

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court followed this Circuit's pattern instructions and adequately defined all the elements of the drug offense, including the intent element. The charge given did not impair Martinez's ability to present his defense. Martinez was able to argue before the jury that innocent men are sometimes nervous when stopped by law enforcement and the jury was thus aware of the different inferences that could arise from Martinez's nervous behavior. The district court did not abuse its discretion in refusing to give the requested charge. *See United States v. Perez-Valdez*, 182 F.3d 331, 332 (5th Cir. 1999).

Next, Martinez argues that the prosecutor's comments during his closing arguments deprived him of a fair trial. The prosecutor challenged the testimony of Martinez's character witnesses by saying that like a serial killer whom neighbors later describe as a nice, quiet boy, Martinez may have hid his criminal activity from character witnesses who described him as honest and law-abiding. Martinez further complains of the prosecutor's argument which suggested that Martinez had distributed drugs from his apartment.

Because Martinez did no object to the comments at trial, we review for plain error. *See United States v. Wicker*, 933 F.2d 284, 292 (5th Cir. 1991). The prosecutor's attempt to challenge Martinez's character witnesses with a reference to serial killers was overly dramatic but not significantly prejudicial. Since serial killing and drug distribution are so different, there is no danger the jury was confused into taking the prosecutor's comment as indicating Martinez had engaged in additional crimes. The prosecutor's remark directed the jury's attention to the value of character evidence in light of the common human experience that individuals are capable of hiding aspects of their lives from others.

The prosecutor's suggestion that Martinez was selling drugs from his apartment raised a plausible inference based on evidence presented at trial that Martinez, who was found with drugs, did not provide his new address on any official documents, and did not provide his new address to the police officer. *See United States v. Washington,* 44 F.3d 1271, 1278 (5th Cir. 1998) (noting that a prosecutor is not prohibited from reciting to the jury those inferences he wishes the jury

would draw from the evidence as long as the inferences are based in the evidence.)  The district court gave the curative instruction to the jury that the argument of counsel was not evidence.  *See Branch v. Estelle*, 631 F.2d 1229, 1234 (5th Cir. 1980) (noting that cautionary instructions may reduce any prejudicial effect of prosecutor's comments).  We conclude that the prosecutor's comments did not significantly affect the fairness of the proceeding and, thus, did not constitute plain error.

Finally, Martinez argues that the district court erred in imposing an enhanced sentence based on the drug quantity that was not alleged in the indictment, relying on *Jones v. United States*, 526 U.S. 227 (1999).  Martinez did not raise this issue before the district court.  Accordingly, we review for plain error only.  Martinez's challenge is foreclosed by *United States v. Rios Quintero*, 204 F.3d 214 (5th Cir. 2000), in which this court held that *Jones* does not support a determination that failure to allege drug quantity in the indictment constitutes plain error.

The judgment of the district court is AFFIRMED.