IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50730
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUS PETER GRAMMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CR-110-ALL

_____

May 2, 2002

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gus Peter Grammas appeals his bench trial conviction for altering, tampering, obliterating, or removing the vehicle identification number on a motor vehicle, and for possession of a firearm by a felon. He contends that the Government constructively amended the indictment with regard to being a felon in possession of a gun.

A constructive amendment "occurs when the jury is permitted to convict the defendant on a factual basis that effectively modifies an essential element of the offense charged in the indictment."[1] Here, the essential elements of the charged offense were not modified and, in fact, did not differ from the charge in the indictment.

Grammas also contends that the evidence at trial was insufficient to sustain the verdict of his being a felon in possession of a gun because the Government did not adduce evidence demonstrating that he knew that the gun was in his house. This court "reviews a district court's finding of guilt after a bench trial to determine whether it is supported by 'any substantial evidence.'"[2]

Although "mere control or dominion over the place in which contraband or an illegal item is found <u>by itself</u> is not enough to establish constructive possession

---

[1]<u>United States v. Millet</u>, 123 F.3d 268, 272 (5th Cir. 1997).

[2]<u>United States v. Ceballos-Torres</u>, 218 F.3d 409, 411 (5th Cir. 2000) (citation omitted), <u>cert. denied</u>, 531 U.S. 1102 (2001).

when there is joint occupancy of a place,"[3] the record contains sufficient evidence that Grammas had ownership and control over the weapon.  His conviction must be and is affirmed.

Grammas also contends that the Government did not meet its burden of proving the amount of loss requiring restitution in the amount of $8,012.80.  We review the legality of the district court's order of restitution *de novo* and, if the award of restitution is permitted by the appropriate law, we review the propriety of the particular award for an abuse of discretion.[4]  The Government, to its credit, has called to our attention that the amount of restitution is related to the conduct charged in Count One of the indictment, which was dismissed.  This obvious error  requires that the district court's order of restitution be vacated , and the case remanded for resentencing.[5]

Finally, Grammas maintains that the addition of one point to his criminal history score for his prior misdemeanor conviction for aiding and abetting the illegal entry of aliens was error under U.S.S.G. § 4A1.2(c).  Because Grammas was sentenced to one year of probation, U.S.S.G. § 4A1.2(c)(1) does not apply.

---

[3]United States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993) (emphasis in original).

[4]United States v. Norris, 217 F.3d 262, 271 (5th Cir. 2000).

[5]See 18 U.S.C. § 3742(f)(1); United States v. Stout, 32 F.3d 901, 905 (5th Cir. 1994).

Accordingly, unless Grammas' sentence for aiding and abetting the illegal reentry of aliens is "similar" to those offenses listed in U.S.S.G. § 4A1.2(c)(2), the district court's inclusion of his conviction for aiding and abetting the illegal reentry of aliens would be error. Grammas, however, does not address the issue of whether his conviction for aiding and abetting the illegal reentry of aliens is similar to the listed offenses. He thus has waived this point of error.[6] The district court's sentence with regard to this issue is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

---

[6]See, e.g., United States v. Green, 964 F.2d 365, 371 (5th Cir. 1992).