IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-41054
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW RADLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-00-CR-14 ALL

_____

May 9, 2002

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:*

Matthew T. Radley appeals his sentence following convictions for distributing

child pornography and possessing a computer containing child pornography, contending

_____

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

that the district court erred in upwardly departing from the applicable guideline range. Finding that the district court did not abuse its discretion, we affirm.

We review a district court's decision to depart from the sentencing guidelines for abuse of discretion.[1] The district court's determination whether the departure factors were sufficient to remove the case from the heartland of the applicable guideline must be afforded substantial deference because of the court's special competence in determining what is and is not ordinary.[2]

Radley contends that the district court abused its discretion in upwardly departing based on the following factors: (a) his false testimony; (b) his use of a biblical reference in his computer screen name; and (c) the volume and extreme depravity of the images he possessed. He asserts that these factors were already taken into account under the guideline calculation or were irrelevant for sentencing purposes. Even if the district court considers improper reasons in upwardly departing, the court does not abuse its discretion if other acceptable reasons exist for the departure.[3] Even if we were to find that the district court erred in relying on Radley's perjury and use of a biblical reference, the upward departure nevertheless is supported by the presence of other acceptable reasons, *i.e.*, the atypical volume and depravity of the pornographic

---

[1] Koon v. United States, 518 U.S. 81, 96-100 (1996).

[2] United States v. Threadgill, 172 F.3d 357, 376 (5th Cir. 1999).

[3] United States v. Stout, 32 F.3d 901, 903-04 (5th Cir. 1994).

images Radley possessed.

Radley maintains that he received adjustments for trafficking in child pornography involving prepubescent minors and depicting sadistic, violent conduct.[4] While this is true, we defer to the district court's determination that the images at issue in the instant case were so exceptionally violent that this case falls outside of the heartland of like cases.[5] The guidelines specifically encourage upward departures based on "extreme conduct," such as when the conduct involved in the offense was unusually heinous or degrading.[6] The district court did not abuse its discretion in determining that the extraordinary volume and nature of the images involved in the instant action justified an upward departure.

The judgment of the district court is AFFIRMED.

---

[4] U.S.S.G. §§ 2G2.2(b)(1) & (3).

[5] See Threadgill, 172 F.3d at 376.

[6] U.S.S.G. § 5K2.8.