IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2008

Charles R. Fulbruge III
Clerk

No. 05-40859

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT E. NOLEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
--------------------

Before JOLLY, DAVIS, and WIENER, Circuit Judges.

WIENER, Circuit Judge:

This appeal is before us following our limited remand to the district court,[1] in which we conditionally affirmed Nolen's conviction subject to the aforesaid limited remand, vacated the sentence, and remanded for the district court to conduct the Sixth Amendment balancing test as specified in our remand and thereafter to resentence Nolen based on the result of such balancing. In that

---

[1] *See United States v. Nolen*, 472 F.3d 362 (2006).

opinion we also held that the district court erred in imposing restitution as part of Nolen's sentence.

On remand, the district court conducted the required balancing test between Nolen's Sixth Amendment right to counsel of his choice and the public interest in maintaining the integrity of and respect for the judicial process. After conducting the balancing test, the district court concluded that revocation of Nolen's attorney's admission to practice pro hac vice was the least intrusive sanction required to maintain the integrity of the judicial system and that, in this instance, the societal need for ethical practice outweighed Nolen's right to this particular counsel of his choice. The district court then resentenced Nolen to the same sentence that it had imposed originally, but without imposing restitution.

Thereafter, the government filed a motion for reconsideration. Our Clerk of Court, acting pursuant to Fifth Circuit Local Rule 27.1.1, determined to take no action, deeming the government's motion untimely under Fifth Circuit Rule 27. The government filed another motion, this one for reconsideration of the action taken by the Clerk of Court, in response to which we granted the government's motion for reconsideration and carried the initial motion with the appeals consolidated herewith.

Now before us following limited remand are the results of the district court's balancing test, the court's reimposition of the same sentence of imprisonment, and the government's motion for reconsideration and, alternatively, appeal of our reversal of the original imposition of restitution by the district court, and that court's refusal to reimpose restitution on remand.

First, we affirm the ruling of the district court on remand resulting from its error-free conduct of the Sixth Amendment balancing test and therefore affirm the sentence of imprisonment reimposed on Nolen by the district court.

Second, after careful consideration of the government's appeal/motion to reconsider the issue of restitution, we agree with the government that our original reversal of the imposition of restitution by the district court was overbroad and imprecise. The district court obeyed that pronouncement of our original ruling and resentenced the defendant but did not impose restitution. As the government has pointed out, however, there were two omissions of details in our original order of restitution. One was our failure to note that, in the absence of an agreement by the defendant, restitution may not be ordered for a Title 26 offense except as a condition of probation or supervised release, under 18 U.S.C. 3583(d), 3563(b)(2), and 3556. Nolen was convicted solely of Title 26 offenses but was ordered to pay restitution as a separate and independent part of his sentence, not as a condition of supervised release. Although the

3

government had never conceded that this deficiency in the restitution order of the district court constituted plain error, it agrees that there was a second error and that it constituted reversible plain error, viz., that the amount of the restitution ordered ($453,275) exceeded the loss attributable to Nolen's tax evasion offense of conviction ($223,509) because the larger figure included tax losses associated with Nolen's relevant conduct.[2]

On remand, the district court indicated that, but for our unqualified vacatur of the restitution aspect of the original sentence, it would have imposed restitution as a condition of supervised release. To the extent that our original reversal and vacatur of restitution was overbroad, ambiguous, or imprecise, we acknowledge that, under the current statutory scheme, restitution may be imposed if done so as a condition of supervised release in a criminal tax case, even in the absence of a prior definitive determination or adjudication of the amount of taxes owed, and if limited to losses from the crime of conviction. We therefore clarify our opinion of December 12, 2006 to make clear that our ruling on restitution does not bar the imposition of restitution as a condition of supervised release, and we again remand this matter to the district court to allow it to impose such a condition if this be its determination. We therefore

---

[2] *See United States v. Inman*, 411 F.3d 591 (5th Cir. 2005) (remanding restitution order on plain error review because the amount of restitution was not limited to the conduct underlying the offense for which the defendant was convicted).

4

affirm the sentence of imprisonment as reimposed by the district court, being the same sentence as originally pronounced by that court, and remand for the sole and limited purpose of allowing the trial court to determine whether to impose restitution as a condition of supervised release, and if so, how much. In so doing, this panel retains appellate cognizance over the case for our further review following the district court's restitution ruling on this remand.

SENTENCE IMPOSED ON REMAND AFFIRMED; REMANDED FOR RECONSIDERATION AND POSSIBLE REIMPOSITION OF RESTITUTION AS A CONDITION OF SUPERVISED RELEASE.