# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 9, 2011

No. 10-40402
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR HUMBERTO HILTON-ROMERO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-1080-4

Before KING, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Oscar Humberto Hilton-Romero pleaded guilty to one count of transporting illegal aliens into the United States "for the purpose of commercial advantage or private financial gain," violations of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2. He was sentenced to the mandatory minimum sentence of 36 months of imprisonment. *See* § 1324(a)(2)(B). Hilton-Romero contends that there was an insufficient factual basis to support his guilty plea because there was no evidence that he committed the instant offense for the purpose of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40402

financial gain.  Rather, he asserts that he transported the illegal aliens for the purpose of his own entry into the United States.  In light of this error, Hilton -Romero contends that his sentence should have been reduced by three points pursuant to U.S.S.G. § 2L1.1(b)(1).

Hilton-Romero did not object to the sufficiency of the factual basis before the district court.  Thus, as he acknowledges, review is for plain error.  *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002).  To show plain error, Hilton-Romero must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).  If Hilton-Romero makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*  When reviewing under a plain error standard, this court "may consult the whole record when considering the effect of any error on substantial rights."  *Vonn*, 535 U.S. at 59.

A district court cannot enter a judgment of conviction based upon a guilty plea unless it is satisfied that there is a factual basis for the plea.  FED. R. CRIM. P. 11(b)(3).  The district court must compare the conduct that the defendant admits with the elements of the offense charged in the indictment or information. *United States v. Hildenbrand*, 527 F.3d 466, 474-75 (5th Cir. 2008).  The factual basis was sufficient to establish that Hilton-Romero was involved in a smuggling operation that was illegally transporting aliens into the United States for the purpose of financial gain.  *See United States v. Perez-Valdez*, 182 F.3d 331, 332 (5th Cir. 1999); *United States v. Allende-Garcia*, 407 F. App'x 829, 835 (5th Cir. 2011); *United States v. Smarr*, 207 F. App'x 499, 500 (5th Cir. 2006).  As such, Hilton-Romero has failed to establish that the district court committed plain error in accepting his guilty plea.  *See Vonn*, 535 U.S. at 58-59. Hilton-Romero's sentencing argument is therefore unavailing and the judgment of the district court is AFFIRMED.