# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2011

No. 10-30911
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SHARAY K. JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CR-314-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges..

PER CURIAM:[*]

Defendant-Appellant Sharay K. Johnson appeals the sentence imposed following her agreement to plead guilty to one count of preparing a false income tax return, in violation of 26 U.S.C. § 7206(2). Johnson challenges the district court's calculation of the amount of restitution owed to one of the persons injured by conduct charged in a different count of the indictment, and she challenges a special condition of supervised release requiring her to compensate the IRS for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30911

its losses caused by all of the charged conduct rather than merely conduct underlying the count on which she was convicted. We AFFIRM.

Johnson pleaded guilty to count eight of an eleven count indictment. The indictment included nine counts for other incidents of preparing false tax returns, and one count of making a false declaration with the submission of a tax return. The district court sentenced Johnson to thirty-six months in prison and one year of supervised release, a sentence within the range advised by the Federal Sentencing Guidelines. The district court issued restitution orders requiring Johnson to compensate various corporate and individual persons who suffered financial injury as a result of the conduct alleged throughout the indictment. Although she was convicted of only count eight, paragraph six of Johnson's plea agreement states, "Defendant agrees that restitution in this case is not limited to the amounts or victims referred to in the specific charge to which she has pled [sic] guilty and will be determined by the Court after a complete review of the evidence developed in the investigation of this case by the Government and further investigation by the Probation Office as contained in the Presentence Report."

In addition to the restitution orders, the district court also imposed a special condition of Johnson's supervised release requiring that she pay $10,306 to the Internal Revenue Service. The conduct alleged in count eight caused only $5,685 in tax loss to the IRS; the $10,306 figure represents its total losses for the conduct alleged in all eleven counts. The restitution orders and the required payment to the IRS come to $51,163.22.

The plea agreement also acknowledges that the district court could impose a fine of up to $100,000 in addition to the restitution. The district court declined to impose any fine, citing Johnson's "current financial status, restitution obligation, and length of sentence."

No. 10-30911

Johnson did not object at sentencing to the restitution orders or the special condition requiring payment to the IRS.  We therefore have discretion to reverse these orders only if Johnson demonstrates plain error.  *United States v. Olano*, 507 U.S. 725, 732-33, 113 S. Ct. 1770, 1776-77 (1993).

First, Johnson challenges the district court's calculation of the amount of restitution due to one of the injured persons, LaShoneda Council.  The district court relied on figures for the various victims' losses set forth in presentence report (PSR).  Pointing to apparent discrepancies in the PSR, Johnson contends that the restitution ordered exceeds Council's actual loss.  "Generally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing."  *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995) (internal citations omitted).  Had Johnson raised this matter at sentencing, the district court could have consulted the probation officer regarding the apparent discrepancies in the PSR, or undertaken its own examination of the underlying tax records.  "Questions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error."  *United States v. McCaskey*, 9 F.3d 368, 376 (5th Cir. 1993).

Second, Johnson asserts that the relevant statutes permit the district court to require compensation to the IRS as a condition of supervised release only to the extent the IRS was injured by the offense of conviction.  Johnson thus challenges the condition of supervised release requiring that she pay the IRS $10,306, its total loss for all of the charged offenses, rather than merely the $5,685 loss caused by the offense alleged in count eight.  The restitution statute, 18 U.S.C. § 3663, does not generally authorize restitution orders compelling payment to the IRS for a Title 26 offense.  *United States v. Stout*, 32 F.3d 901, 905 (5th Cir. 1994) (holding that § 3663 does not authorize a separate order of restitution to the IRS without defendant agreeing to such an order in a plea agreement).  The statute does, however, allow the sentencing court to "order

3

restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3); *see also Stout*, 32 F.3d at 905 n.5.

A sentencing court may also require restitution to the IRS for a Title 26 offense as a condition of supervised release. 18 U.S.C. § 3583(d) (authorizing a sentencing court to impose "any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate . . . ."); *United States v. Miller*, 406 F.3d 323, 329 (5th Cir. 2005) ("[A]lthough . . . 18 U.S.C. § 3663 . . . does not expressly cover tax offenses such as that under which Miller was convicted, § 3583(d) authorizes such restitution as a condition of Miller's supervised release."). Section 3583(d) allows the sentencing court to impose a condition of supervised release requiring IRS restitution in the absence of the defendant's agreement, but only if the restitution is "limited to losses from the crime of conviction." *United States v. Nolan*, 523 F.3d 331, 332-33 (5th Cir. 2008). In *Stout* there was no consent in the plea agreement, and we found that the sentencing court erred when it imposed a condition of supervised release requiring IRS restitution for losses caused by conduct beyond the offense of conviction. 32 F.3d at 904. We observed, however, that "[s]entencing courts are permitted to impose restitution as a condition of supervised release to the extent agreed to by the government and the defendant in a plea agreement." *Id.* (citing 18 U.S.C. §§ 3563(b)(3), 3583(d), and 3663(a)(3)).

Johnson argues that IRS restitution required as a condition of supervised release cannot include payment for losses caused by conduct beyond the offense of conviction, even if the defendant consented to such restitution in a plea agreement. Johnson's position conflicts with *United States v. Miller,* 406 F.3d at 328-29. Miller was convicted for understating his income on his tax return for 2000. *Id.* at 326. He had also understated his income on his 1998 and 1999 returns, though he was not charged for those understatements. *Id.* at 326, 329.

No. 10-30911

The conditions of his supervised release required restitution to the IRS for only the loss caused by the 2000 understatement, *id.* at 326, 328, but the district court failed to deduct the $78,808 in taxes that Miller had paid for the portion of his income that was reported on his 2000 return. *Id.* at 328-29. We concluded this was not plain error. Given the understatements in the 1998 and 1999 returns, we reasoned that the district court "could have ordered significantly more restitution than the $78,080 about which Miller complains." *Id.* at 329.[1] The district court has done what we held the sentencing court in *Miller* could have done. We note also that Johnson, like Miller, *id.* at 330, 330 n.4, was relieved of a $100,000 fine in part due to the amount of restitution ordered.

The district court's judgment is AFFIRMED.

---

[1] Our holding in *Stout* did not apply in *Miller* because, like Johnson, Miller had agreed that his sentence could include "restitution to victims of the community, which . . . may include restitution arising from all relevant conduct, not limited to that arising from the offenses of conviction alone . . . ." *Miller*, 406 F.3d at 330.