**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 8, 2012

Lyle W. Cayce
Clerk

No. 10-50703
Summary Calendar

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee

v.

JOE ALBERT SMITH,

                    Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-59-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Joe Albert Smith pleaded guilty pursuant to a written plea agreement to evasion of payroll taxes and received a sentence of 60 months in prison to be followed by three years of supervised release. The district court also ordered Smith to make restitution in the amount of $27,784,112.35. On direct appeal, Smith argues that his conviction and sentence should be vacated because the district court did not inform him that it was rejecting the written plea agreement and did not provide the proper Federal Rule of Criminal Procedure 11 colloquy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when it imposed restitution in an amount greater than the amount specified in the plea agreement. He additionally argues that the Government breached the plea agreement and that the district court erred in imposing restitution as a part of his sentence and in calculating his restitution amount, in part, based on relevant conduct.

After plain error review, we affirmed Smith's conviction and sentence; however, after concluding that the district court plainly erred by imposing restitution as a separate component of Smith's sentence and by relying on relevant conduct to calculate the restitution sum, we remanded the case for the limited purpose of allowing the district court to decide whether it wanted to order restitution as a condition of supervised release and, if so, how much. Upon remand, the district court entered an amended judgment, clarifying that it was ordering restitution in the amount of $5,057,119 as a condition of supervised release.

In the plea agreement, Smith agreed to pay $5,057,119 in restitution and also agreed that the restitution amount was the result of his fraudulent conduct. During the hearing on remand, Smith again acknowledged that $5,057,119 was the correct restitution amount. Because restitution may be imposed as a condition of supervised release under 18 U.S.C. § 3583 if the sum of taxes has been acknowledged or conclusively established or is limited to the underlying offense of conviction, there is no error, plain or otherwise, in the district court's amended restitution order. *See United States v. Nolen*, 523 F.3d 331, 332 (5th Cir. 2008); *United States v. Nolen*, 472 F.3d 362, 382 (5th Cir. 2006). Accordingly, we AFFIRM the judgment of the district court as amended.