# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 5, 2022

Lyle W. Cayce
Clerk

No. 20-40421
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TARIQ MAHMOOD, M.D.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CV-489

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Tariq Mahmood, federal prisoner # 21040-078, appeals the denial of a 28 U.S.C. § 2255 motion challenging his convictions for aggravated identity theft under 18 U.S.C. § 1028A. He contends that employing patients' identifying information to fraudulently overcharge Medicare for services

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

provided to the patients does not constitute the "use" of their information under § 1028A.

We recently rejected Mahmood's narrow interpretation of § 1028A's use element and instead defined "use" according to its plain meaning. *See United States v. Dubin*, No. 19-50912, 27 F.4th 1021, 2022 WL 620315, 1 (5th Cir. 2022) (en banc) (adopting "the reasons set forth in the panel majority's opinion"); *United States v. Dubin*, 982 F.3d 318, 325-27 (5th Cir. 2020). We thus pretermit the procedural default and standard of review issues raised by the parties and cut straight to the merits to deny his claim. *See Ramey v. Lumpkin*, 7 F.4th 271, 281 (5th Cir.), *petition for cert. filed* (U.S. Dec. 23, 2021) (No. 21-950) (procedural default issue); *United States v. Pursley*, 22 F.4th 586, 591 (5th Cir. 2022) (standard of review issue). Because Mahmood employed patients' identifying information to accomplish the fraud, his conduct satisfied the use element. *See Dubin*, 982 F.3d at 325-27.

The judgment of the district court is AFFIRMED.