# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 6, 2022

Lyle W. Cayce
Clerk

No. 21-10434

United States of America,

*Plaintiff—Appellee*,

*versus*

Steven Riad Jalloul,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-94-1

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Steven Riad Jalloul pleaded guilty to two counts of preparing false tax returns in violation of 26 U.S.C. § 7206(2). At sentencing, the district court ordered him to pay $14,100,029.87 in restitution to the IRS. Jalloul did not object. He now challenges that restitution order, arguing it is a criminal monetary penalty that exceeds the maximum statutory sentence because it is

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10434

neither authorized by the statute of conviction, nor agreed to in the plea agreement. Because the restitution order was authorized by the statute and Jalloul agreed to it in his plea agreement, we AFFIRM.

\*      \*      \*

The Government first argues that Jalloul's appeal is barred by the appeal-waiver provision in his plea agreement. But this appeal falls within the agreement's exception for a direct appeal of "a sentence exceeding the statutory maximum." *See United States v. Kim*, 988 F.3d 803, 811 (5th Cir. 2021) (holding "an otherwise valid appeal waiver is not enforceable to bar a defendant's challenge on appeal that his sentence, including the amount of a restitution order, exceeds the statutory maximum"), *cert. denied*, 142 S. Ct. 225 (2021). Nevertheless, Jalloul's appeal ultimately fails.

"Because a restitution order that exceeds the court's statutory authority is an illegal sentence, which always constitutes plain error, we review de novo the legality of a restitution order, regardless of whether the defendant raised this objection at sentencing." *United States v. Penn*, 969 F.3d 450, 458 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2526 (2021); *see also United States v. Swenson*, 25 F.4th 309, 322 (5th Cir. 2022). The Government seeks leave to file a supplemental brief arguing that plain-error review applies. Although some cases have applied plain-error review, we need not here resolve which standard of review applies because Jalloul's arguments fail even under the more lenient one. *See United States v. Pursley*, 22 F.4th 586, 591 (5th Cir. 2022). Therefore, the Government's motion for leave to file a supplemental brief is DENIED as moot.

A district court may impose restitution only as authorized by statute. *Penn*, 969 F.3d at 458. Restitution is generally not statutorily authorized for Title 26 offenses. *See* 18 U.S.C. § 3663. But 18 U.S.C. § 3663(a)(3) allows a district court to "order restitution in any criminal case to the extent agreed

to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3); *United States v. Stout*, 32 F.3d 901, 905 n.5 (5th Cir. 1994) (quoting § 3663(a)(3)). We treat plea agreements like contracts, considering a defendant's reasonable understanding of the agreement and construing ambiguities against the Government. *See United States v. Escobedo*, 757 F.3d 229, 233 (5th Cir. 2014); *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Jalloul's plea agreement stated that the district court could impose "restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone." Further, the paragraph detailing the defendant's agreement stipulated, "The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. . . . The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court."

Jalloul argues that the plea agreement's language is ambiguous, and he did not explicitly agree to pay restitution. We held in *United States v. Miller* that identical plea language unambiguously constituted an agreement to pay restitution. 406 F.3d 323, 330 (5th Cir. 2005). Jalloul contends this line was dicta, but he is wrong. *See United States v. Wallace*, 964 F.3d 386, 390 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 910 (2020) (noting that alternative holdings are binding and not dicta); *United States v. Segura*, 747 F.3d 323, 328 (5th Cir. 2014). Because Jalloul agreed to pay restitution, the criminal monetary penalty was authorized by law. *See* § 3663(a)(3); *Stout*, 32 F.3d at 905 n.5.

AFFIRMED.